### GOTTLIEB et al. v. BERNHARD et al.

(Supreme Court, Appellate Term. June 29, 1909.)

TENDER (§ 19*)—EFFECT—ADMISSIONS.

 Where defendant claimed damages, and pleaded that he tendered into court the difference between plaintiff's claim and the damages, which sum he was ready, able, and willing to pay to plaintiff, but there was no proof of payment into court of such balance, plaintiff was at least entitled to judgment for the balance, and a judgment for defendant was erroneous.

 [Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 59–64; Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Gottlieb and another against Robert Bernhard and another. From a judgment for defendants, rendered in Municipal Court, plaintiffs appeal. Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Israel Ellis, for appellants.

Moses Cohen, for respondents.

MacLEAN, J. The plaintiffs in their complaint claimed the sum of $247.98, with interest, for labor and services rendered at the special instance and request of the defendants. The defendants interposed a separate defense of $63.27, because of damage through unskillful work, overcharge, and discounts, alleging "that defendants now tender into court the aforesaid sum of one hundred and eighty-four and 71/100 ($184.71) dollars, which sum the defendants are now ready, able, and willing to pay to the plaintiffs," having, as also alleged, tendered the sum to the plaintiffs prior to the commencement of this action. The plaintiffs were at least entitled to judgment for the sum so conceded by the pleadings and upon the trial to be due to the plaintiffs; but, as there appears from the record no proof of payment into court,

rendition of judgment by the trial justice in favor of the defendants for $30 costs was erroneous, because, unless there was payment into court, the plaintiffs would be compelled to resort to another action to recover the amount admitted by the pleadings to be due.

The judgment should be reversed, and the cause remanded. All concur.